ZOUVAS LAW GROUP, LLP
Luke C. Zouvas, Esq. (SBN 216154)
2907 Shelter Island Drive, Suite 105
San Diego, CA 92106
(619) 300-6971
lzouvas@zouvaslaw.com

Attorney for Plaintiff and
In Pro Per

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOHO, INC., and LUKE C. ZOUVAS<br><br>Plaintiffs,<br><br>v.<br><br>RONALD E. HEINEMAN, CLIFFORD M. RHEE, NGEN TECHNOLOGIES USA CORP., EDWARD CARTER, DR. JASON KOO, DAVID LITHWICK, GREENFIELD FARMS FOOD, INC., and DOES 1-5, inclusive<br><br>Defendants. | Case No.: 3:17-cv-02575-CAB-WVG<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. MISREPRESENTATION;<br>2. PROMISE WITHOUT INTENT TO PERFORM;<br>3. RECISSION; and<br>4. INJUNCTIVE RELIEF |

Plaintiff, NOHO, INC., a publicly traded Wyoming corporation, together with their counsel and shareholder of NOHO, INC. (hereinafter collectively referred to as "Plaintiff"), hereby amends their initial Complaint, adding other discovered Defendants, alleges as follows:

**PLAINTIFF AND DEFENDANTS**

1. Plaintiff is and at all times herein mentioned was, a publicly traded Wyoming corporation organized and existing under the law of the State of Wyoming, with its principal place of business in the State of Arizona.

2. Plaintiff Luke Zouvas, a shareholder of NOHO, Inc., at all times mentioned, was and still is a resident of San Diego County, State of California and the sole drafter of the Agreement which is the subject matter of this original Complaint and this First Amended Complaint.

3. Plaintiff is informed and believes, and hereinafter alleges that Defendant, RONALD E. HEINEMAN, (hereinafter "Heineman"), is, and at all times herein mentioned was, an individual residing in Cincinnati, Ohio. Heineman was the Chief Executive Officer and Chairman of the Board of Directors of Defendant Greenfield Farms Foods, Inc. (hereinafter "Greenfield") when the alleged tortious acts were committed against Plaintiff.

4. Plaintiff is informed and believes, and hereinafter alleges that Defendant, CLIFFORD M. RHEE (hereinafter "Rhee"), is, and at all times herein mentioned was, the current Chief Executive Officer of Greenfield who helped Heineman execute the alleged tortious acts.

5. Plaintiff is informed and believes, and hereinafter alleges that Defendant, NGEN TECHNOLGIES USA CORP. (hereinafter "Ngen"), is, and at all times herein mentioned was, the subsequent company who was purchased pursuant to a letter of intent with Greenfield.

6. Plaintiff is informed and believes, and hereinafter alleges that Defendant, EDWARD CARTER (hereinafter "Carter"), is, and at all times herein mentioned was, a member of the Board of Directors of Greenfield who helped Heineman execute the alleged tortious acts.

7. Plaintiff is informed and believes, and hereinafter alleges that Defendant, Dr. Jason Koo (hereinafter "Koo"), is, and at all times herein mentioned was, member of the Board of Directors of Greenfield who helped Heineman execute the alleged tortious acts.

8. Plaintiff is informed and believes, and hereinafter alleges that Defendant, David Lithwick (hereinafter "Lithwick"), is, and at all times herein mentioned was, Chief

Technology Officer of Greenfield who helped Heineman execute the alleged tortious acts.

9. Defendants DOES 1 through 5, inclusive, is sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by such defendants.

10. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were acting as the agent of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, and with the permission and consent of his or her or its co-Defendants.

11. Plaintiff is a publicly-traded Wyoming corporation with its principal place of business in the State of Arizona, County of Maricopa.

12. Plaintiff is informed and believes and thereon alleges that the Defendants are citizens of other states, and thus Diversity Jurisdiction exists pursuant to 18 U.S.C. 1332.

13. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a); and Sections 21(d) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa(a).

## JURISDICTION AND VENUE

13. Plaintiff is informed and believes and thereon alleges that the Defendants are citizens of other states, and thus Diversity Jurisdiction exists pursuant to 18 U.S.C. 1332.

14. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d) and 77v(a); and Sections 21(d) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa(a).

15. The Court has personal jurisdiction over Defendants and venue is proper in this District because, among other things, Defendants participated in the offer or sale of securities in this District, and many of the acts and transactions constituting the violations alleged in this Complaint occurred in this District. In addition, venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Commission's claims occurred here.

16. In connection with the conduct alleged in this Complaint, Defendants, directly and indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, the mails, and/or the facilities of a national securities exchange.

17. The amount in controversy requirement is met under 28 U.S.C. 1332 as the Plaintiff contends it has been damaged by Defendants in an amount of $2,000,000.00. Venue is proper in the Southern District of California – San Diego under 28 U.S.C. 1391(a)(1) and (2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the State of California, County of San Diego.

18. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C.§ 78aa, because the defendants reside and conduct business in the district and because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district.

**FACTUAL ALLEGATIONS**

19. On or about June 7, 2017, Plaintiff NoHo, (through its wholly-owned subsidiary Cherry Hill Financial, LLC ("Cherry Hill")) and Defendant GRAS, entered into an Asset Purchase Agreement (the "Agreement") (See Exhibit A attached hereto).

20. Cherry Hill is in the financial services industry and currently pursuing insurance syndication where companies having net operating losses with medium to large

employee bases to offer life insurance coverage to their mid-level and lower-level employees and pay their premiums for two years (the "Business").

21. Defendant GRAS purchased and assumed from Cherry Hill, certain assets, rights and obligations related to the Business for approximately 49% of the issued and outstanding common stock of GRAS. Further, Defendant Heineman promised to assign all of the Series D Preferred Stock of GRAS, in the form of a voting proxy ("Majority Proxy") in order for Plaintiff NoHo to have an outright majority vote for all matters of GRAS post transaction. (See Exhibit B attached hereto).

22. However, Defendant Heineman never caused to be issued the 49% of the common stock to Plaintiff NoHo, as well as, Assign the Majority Proxy to Plaintiff NoHo.

23. In connection with the inducement, described above, of Plaintiff NoHo, to prolong declaring a breach of agreement, Defendant Heineman made certain false statements and affirmative misrepresentations of material facts; namely, that the 49% of common shares would be issued as soon as GRAS'S audit was complete, a total lie (See Exhibit C attached hereto).

24. No shares were issued as represented. No Majority Proxy was assigned to Plaintiff.

25. At all times material hereto, Defendant Heineman was lying to Plaintiff, and that the representation above mentioned were utterly false and made for sole purpose of inducing reliance by NoHo, without regard to damage Plaintiff.

26. Plaintiff did in fact reasonably and justifiably rely upon the material misrepresentation of all Defendants, and have been seriously damaged thereby, with respect to the complete denial of NoHo's ownership of GRAS.

27. By the conduct, heretofore described, Defendants have materially breached the Agreement, and Plaintiff hereby declares that Agreement breached. Accordingly, Plaintiff NoHo is excused from further performance and is not obliged to suffer the negative perception of the public view and the declining stock price of Plaintiff NoHo.

28. However, Defendants have completely ignored all attempts by Plaintiff to rectify the situation and has subsequently entered into other transactions for their own gain, without the consent of Plaintiff, and cannot be undone without extreme damage to all shareholders of NoHo and NoHo itself by lawful proceedings. There would therefore be no adequate remedy at law.

29. Accordingly, Plaintiff will suffer irreparable damage, should Defendants not stopped from looting the Company in violation of the Agreement.

30. Plaintiff requests a temporary restraint against Defendants, until the rights of the parties to the shares can be sorted out definitively, in an orderly and professional manner.

## **FIRST CAUSE OF ACTION**
### **(Misrepresentation)**

31. Plaintiff repeats and repleads Paragraphs 1 through 30, inclusive, of this Complaint and incorporates them by reference as though fully set forth in this First Cause of Action.

32. Defendants Heineman/GRAS made material misrepresentations of fact as hereinbefore alleged. Such representations were in fact false and untrue.

33. Defendants Heineman/GRAS knew, in making such representations that such representations were false, misleading and were made without intention to perform or make such representations substantially true.

34. Such representations were made with the intent to deceive PLAINTIFFS and to induce Plaintiff's reliance.

35. PLAINTIFFS were unaware of the falsity of DEFENDANT'S representations, and actually, reasonably and justifiably relied to his detriment on DEFENDANT'S representations.

36. Plaintiff has been damaged, and may be further damaged, as a proximate result thereof.

37. On information and belief, DEFENDANT'S fraud in the inducement was willful, malicious, oppressive and in conscious disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

38. As a direct and proximate result of DEFENDANT'S negligence, Plaintiff has been required to retain legal counsel and incur costs of suit in order to protect his legal rights. Plaintiff has incurred and will continue to incur attorney's fees and costs to prosecute this action.

## SECOND CAUSE OF ACTION

(Promise Without Intent To Perform, CCP 1710(4))

39. Plaintiff repeats and repleads Paragraphs 1 through 38, inclusive, of this complaint and incorporates them by reference as though fully set forth in this Second Cause of Action.

40. At the time Plaintiff and Defendants entered into the Agreement, and afterwards, Defendants promised to issue Plaintiff's shares and the Majority Proxy, however, Defendant Heineman never had intent to perform his obligations because he never paid the Transfer Agent in order to get Plaintiff's Shares issued.

41. On information and belief, at the time Defendants made those promises, Defendant Heineman had no intention of performing them and knew he would sign other Agreements for his own benefit and use which is evidence by the his willful and deceitful plan to purposely not pay the Transfer Agent and thus not have to the issue Plaintiff's shares.

42. On information and belief, the promises were made by Defendant with the intent to induce Plaintiff to enter into the Agreement, and with no intention to do business with Plaintiff NoHo.

43. At the time these promises were made, Plaintiff was ignorant of the secret intentions of Defendant not to perform his obligations under the Agreement.

44. In reliance on the promises of Defendants, PLAINTIFFS were induced to enter into the Agreement, and then to put out a press release pursuant Securities Exchange Act of 1934, and as a result was damaged thereby.

45. If Plaintiff had known the actual intention of Defendant, Plaintiff would not have entered into the Agreement, nor agreed to release any news thereto.

46. On information and belief, DEFENDANT'S promises without intention to perform were willful, malicious, oppressive, and in conscious disregard of the rights and interest of Plaintiff, such as to entitle Plaintiff to punitive damages.

47. As a direct and proximate result of the misrepresentations of Defendant, Plaintiff has been damaged in an amount to be determined at trial.

48. As a direct and proximate result of DEFENDANT'S negligence, Plaintiff has been required to retain legal counsel and incur costs of suit in order to protect his legal rights. Plaintiff has incurred and will continue to incur attorney's fees and costs to prosecute this action.

## THIRD CAUSE OF ACTION
(Rescission Against Defendant)

49. Plaintiff repeats and repleads Paragraphs 1 through 48, inclusive, of this complaint and incorporates them by reference as though fully set forth in this Third Cause of Action.

50. The conduct of Defendants hereinbefore alleged, constituted and constitutes a material breach of the Agreement.

51. Plaintiff intends the service of Summons and Complaint in this action to constitute notice of rescission of those agreements.

## FOURTH CAUSE OF ACTION
(Injunctive Restraint)

52. Plaintiff repeats and repleads and incorporates by reference the allegations in Paragraph 1 through 51, inclusive, as though fully set forth in this Forth Cause of Action.

53. Defendant Heineman is diluting the value of GRAS by executing subsequent agreement for his own pecuniary gain. Defendant Heineman has executed a letter of intent for shares of GRAS with NGEN Technologies, Inc., and once the shares are issued to NGEN, Plaintiff NoHo's stock value will spiral downward robbing Plaintiff NoHo and the public shareholder of value which cannot be recovered by lawful proceedings. There would therefore be no adequate remedy at law.

54. Accordingly, Plaintiff will suffer irreparable damage, should his shares be issued to NGEN, fraudulently or in violation of the breached Agreement.

55. Plaintiff has no adequate remedy at law to prevent the further loss of value to Plaintiff. It is necessary to freeze any issuance of GRAS shares by Defendant Heineman, and to preserve the status quo, during the pendency of these proceedings.

56. Plaintiff has clean hands in every aspect of the transactions hereinbefore alleged, and has performed honestly and fairly in all respects.

57. Plaintiff offers to do equity and to act equitably, in all respects, to Defendants and as directed by the Court.

**FIFTH CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Relations)**

**(Against all Defendants and DOES 1-5)**

58. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 57, inclusive, and incorporates the same as though set forth in full herein.

59. At all times during Defendants relationship with Plaintiff,

60. Plaintiff fulfilled all obligations under the written and signed Asset Purchase Agreement.

61. Plaintiff relied on the honor and dignity of all Defendants to do the same.

62. Plaintiff risked their reputation as well as their business by signing the agreement with Greenfield. Plaintiff entered the agreement with the belief that

Greenfield would facilitate a good relationship between them. The Plaintiff believed this relationship would be mutually agreeable and an equal effort from both parties.

63. Greenfield was aware of the nature of the business relationship Plaintiff was trying to establish with Greenfield by being in the same industry of business. Plaintiff is informed and believes and thereon alleges that Greenfield willfully entered into the agreement with Plaintiff with no intention to facilitate a good, healthy and profitable business relationship with Plaintiff, and therefore knowingly wasting Plaintiff's valuable time and effort, and putting Plaintiff's reputation at risk.

64. Plaintiff is informed and believes and thereon alleges that all Defendants, had the intention to misappropriate Plaintiff's funds in order to utilize these funds for their own benefit.

65. Plaintiff is informed and believes and thereon alleges that Greenfield accepted the requested fees from Plaintiff with the intention of not honoring the written and signed agreement if the need were to arise for a refund under the terms outlaid in the agreement.

66. As a proximate result of Defendants' conduct Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court, according to proof at trial.

67. The actions of Defendants threaten to disrupt other contractual relationships and negotiations between Plaintiff and Plaintiff's customers and potential customers. As a result, Plaintiff stands to suffer great and irreparable injury, for which damages would not afford adequate relief in that, among other reasons, legal remedies would not fully compensate for the injuries sustained to Plaintiff's business reputation and goodwill.

68. In doing the things herein alleged, Defendants acted willfully and with the intent to cause injury to Plaintiff. Consequently, Defendants are guilty of malice and/or oppression and/or fraud in conscious disregard of Plaintiff's rights thereby warranting an award of exemplary damages in an amount to punish Defendants and to deter others from engaging in similar misconduct.

## SIXTH CAUSE OF ACTION

### (Constructive Trust)

### (Against all Defendants and DOES 1-5)

69. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 68, inclusive, and incorporates the same as though set forth in full herein. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly came into possession of revenue and financing rightfully belonging to Plaintiff.

70. Plaintiff is informed and believes and thereon alleges that Defendants came into possession of Plaintiff's property due to defendant's breaches of their respective agreements with Plaintiff.

71. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, were aware of the fact that the subject revenue, payments and commissions rightfully belonged to Plaintiff.

72. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court, according to proof at trial.

73. Plaintiff is entitled to a constructive trust imposed upon Defendants, and each of them, requiring Defendants to hold Plaintiff's revenue and financing in trust for the benefit of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the amount necessary to prevent the unjust enrichment of Defendants, not less than $2,000,000.00, according to proof at trial;

2. For special damages in form of lost profits and good will, not less than $2,000,000.00, according to proof at trial;

3. For punitive damages according to proof at trial;

4. For the value of the property misappropriated, not less than $2,000,000.00, according to proof at trial;

5. For attorney's fees and costs as allowable by law;

6. For prejudgment interest at the applicable legal rate;

7. For the value of the property converted, not less than $2,000,000.00, according to proof at trial;

8. For an award of exemplary damages in an amount according to proof at the time of trial;

9. For an Order requiring Defendants to show cause, if any, why they should not be enjoined as hereinafter set forth, during the pendency of this action;

10. For a temporary restraining order, a preliminary injunction, and a permanent injunction requiring Defendants and their agents, servants and employees, and all persons acting under, in concert with, or for Defendants; and

11. For the imposition of a constructive trust; and

12. For such other and further relief as the court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED: December 29, 2017_____By: _/s/ Luke C. Zouvas_
                                       LUKE C. ZOUVAS, ESQ.
                                       **Attorney for Plaintiff and
                                       In Pro Per**